MORGAN, LEWIS & BOCKIUS LLP
Jason S. Mills, Bar No. 225126
George S. Benjamin, Bar No. 273240
Eva M. Nofri, Bar No. 347894
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501
jason.mills@morganlewis.com
george.benjamin@morganlewis.com
eva.nofri@morganlewis.com

Attorneys for Defendant,
ARAMARK FACILITY SERVICES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO HERNRIQUEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK FACILITY SERVICES, LLC, a Delaware Corporation; RON COTE, an individual, and DOES 1-20.<br><br>Defendants. | Case No. 23-2372<br><br>(Los Angeles Superior Court, Case No. 23STCV03909)<br><br>**DEFENDANT ARAMARK FACILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. §§ 1332, 1441 and 1446]<br><br>Complaint Filed: February 22, 2023 (Los Angeles Superior Court) |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendant Aramark Facility Services, LLC (hereinafter "AFS") contemporaneously with the filing of this Notice, hereby effects removal of the above-referenced action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California.[1]  This Court has original subject matter jurisdiction over Plaintiff Marco Henriquez's ("Plaintiff") lawsuit under 28 U.S.C. §1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. In support of this removal, Defendant states the following:

**I.      PLEADINGS, PROCESS AND ORDERS**

1.      On February 23, 2023, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles ("Superior Court"), entitled *Marco Henriquez v. Aramark Facility Services, LLC, et al.*, designated as Case No. 23STCV03909 (the "Complaint").  Plaintiff's Complaint alleges the following eight causes of action: (1) Discrimination in violation of the California Fair Employment and Housing Act ("FEHA") against AFS; (2) Harassment in violation of FEHA against AFS and Ron Cote ("Cote"); (3) Retaliation in violation of FEHA against AFS; (4) Failure to Investigate and Prevent in violation of FEHA against AFS; (5) Wrongful Termination in violation of FEHA against AFS; (6) Wrongful Termination in Violation of Public Policy against AFS; (7) Violation of California Labor Code §1102.5 against AFS; and (8) Violation of California Labor Code §98.6 against AFS. Along with the Complaint, Plaintiff filed his Summons, and Civil Case Cover Sheet. (True and correct copies of the Complaint, Summons and Civil Case Cover Sheet are attached hereto as "**Exhibit A**.")

---

[1] Defendant Ron Cote is a sham defendant and thus is not properly joined in this action.  His consent therefore is not required for removal of this action to this Court. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

2.     On February 22, 2023, the Superior Court filed its Alternative Dispute Resolution Information Packet, First Amended General Order re: Mandatory Electronic Filing For Civil, Voluntary Efficient Litigation Stipulation Packet, and Notice of Case Assignment – Unlimited Civil Case (collectively "2/22/23 Superior Court Filings"). (True and correct copies of the 2/23/23 Superior Court Filings are attached hereto as "**Exhibit B**.")

3.     On February 28, 2023, the Superior Court filed its Notice of Case Management Conference, scheduling a Case Management Conference for August 21, 2023, at 9:00 a.m. in Dept. 12 of the Superior Court.  (A true and correct copy of the Superior Court's Notice of Case Management Conference is attached hereto as "**Exhibit C**.")

4.     On February 28, 2023, Plaintiff served AFS with his Summons, Complaint, Civil Case Cover Sheet, and the 2/23/23 Superior Court Filings.

5.     On March 1, 2023, Plaintiff filed a Proof of Personal Service with the Superior Court.  (A true and correct copy of Plaintiff's Proof of Personal Service is attached hereto as "**Exhibit D**.")

6.     On March 28, 2023, AFS filed and served its Answer to Plaintiff's Complaint ("Answer") with the Superior Court.  (A true and correct copy of AFS's Answer is attached hereto as "**Exhibit E.**")

7.     **Exhibits A-E** constitute all process, pleadings and orders that have been served in this action.

## II.     <u>REMOVAL IS TIMELY</u>

8.     This Notice of Removal is timely under 28 U.S.C. §1446(b)(2)-(3), which provides that a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  AFS was served with the Summons and Complaint on February 28, 2023. This Removal is filed on or before March 30, 2023.  Accordingly, this Notice of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

Removal is timely filed.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.   THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.   Removal Pursuant To U.S.C. 1332(a)(1) Is Proper

9.   This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction), and it is one which AFS may remove pursuant to 28 U.S.C. §1441.  This is a civil action where the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.[2]  Plaintiff is a citizen of California.  Defendant AFS is a citizen of Pennsylvania and Delaware.  And, as discussed in more detail below, Ron Cote is a "sham" defendant, and his citizenship may be disregarded for purposes of establishing diversity of citizenship.

### B.   Complete Diversity Of Citizenship Exists

10.   A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided that no defendant is a citizen of the same state in which the action was brought or of the same state in which the plaintiff is a citizen.  28 U.S.C. § 1441(a), (b).  The citizenship of improperly and fraudulently joined defendants must be disregarded for removal purposes. *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

11.   Here, disregarding the improperly and fraudulently joined Defendant, all requirements are met because Plaintiff is a citizen of California, and AFS is a

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  AFS's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy exceeds the jurisdictional minimum. AFS maintains that each of Plaintiff's claims is without merit and AFS is not liable to Plaintiff.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

citizen of Pennsylvania and Delaware.

### 1.   **Plaintiff Marco Henriquez Is A Citizen Of California**

12. "An individual is a citizen of the state in which he is domiciled. . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp.2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265, F.3d 853, 857 (9th Cir. 2001)).   For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  Continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

13. At the time Plaintiff commenced this action, Plaintiff was a citizen of the State of California.  In fact, Plaintiff alleges in his Complaint that "[a]t all times mentioned herein, [Plaintiff] was a resident of the State of California."  *See* **Exhibit A**, Complaint ("Comp.") ¶1.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"), *citing*, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Plaintiff does not allege that he was a citizen of any state other than California and there is no indication that Plaintiff is, or was, a citizen of states other than California at any time relevant to the Complaint.  Thus, Plaintiff was domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

### 2.   **Defendant Aramark Facility Services, LLC, Is A Citizen Of Pennsylvania And Delaware**

14. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

5

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

15. AFS is now and, prior to and after the commencement of this action, has been a limited liability company organized and existing under and by virtue of the laws of Delaware. Declaration of Amy Golembo ("Golembo" Decl.) ¶3. Currently, prior to, and since the commencement of this action, AFS has had its corporate headquarters and principal place of business in Philadelphia, Pennsylvania. *Id.* Philadelphia, Pennsylvania is where direction, control, and coordination for AFS and executive functions take place. *Id.* The greater part of AFS's administrative functions (including corporate human resources, payroll, benefits, Information Technology, corporate finance, production operations, and business strategy) are conducted in Philadelphia, Pennsylvania, and the respective managers for these departments work in Philadelphia, Pennsylvania. *Id.* As such, corporate policies, including those concerning discrimination, harassment and retaliation have been established by AFS's leaders based in Philadelphia. *Id.*

16. AFS is wholly owned by Aramark Services, Inc. Aramark Services, Inc. in turn, is a Delaware corporation that is wholly owned by Aramark Intermediate HoldCo Corporation. *Id.* at ¶4. Aramark Intermediate HoldCo Corporation is a Delaware corporation that is wholly owned by Aramark, a publicly traded company. *Id.*

17. Aramark was at the time of the institution of this civil action, a publicly traded company formed under the laws of the State of Delaware and has its headquarters and its principal place of business in the Commonwealth of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

Pennsylvania. *Id.* at ¶ 5.

18. AFS is therefore a citizen of the State of Delaware and the Commonwealth of Pennsylvania for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1). As a result, AFS is not now, and was not at the time of the filing of the Complaint, a citizen and/or resident of the State of California for purposes of determining diversity jurisdiction.

### 3. Cote's Citizenship Should Be Disregarded Because Plaintiff Improperly And Fraudulently Joined Him In This Action

19. Under § 1441(b), actions are removable if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Plaintiff has attempted to prevent removal by improperly naming Ron Cote as a Defendant.

20. The citizenship of Cote should be disregarded because Plaintiff improperly and fraudulently joined him in this action in order to defeat removal jurisdiction. *See McCabe*, 811 F.2d at 1339.

21. As the Ninth Circuit stated in *McCabe*, "[f]raudulent joinder is a term of art. If the Plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* at 1336. The issue in a fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendants," not merely whether a nominal cause of action has been stated. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citations omitted).

22. Additionally, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent" in order to determine "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants." *Ritchey*, 139 F.3d at 1318.

23. Courts have compared the fraudulent joinder standard to the standard for judging a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g., TPS*

*Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (the "test for fraudulent joinder resembles a Rule 12(b)(6) analysis"). Since *Twombly*, the Rule 12(b)(6) standard requires that plaintiffs plead factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must plead a "statement of circumstances, occurrences, and events in support of the claim presented." *Id.* n.3. The Supreme Court stressed that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" and that "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (citations omitted). Since federal pleading standards apply in federal court, Plaintiff's Complaint here must be viewed through the lens of *Twombly* to determine whether Plaintiff failed to state a claim against Cote.

24. Here, as discussed further below, Plaintiff has failed to state a claim against Cote.

### 4. <u>Plaintiff Has Failed To State A Viable Claim Of Harassment Against Cote</u>

25. To establish a claim of harassment under FEHA, Plaintiff must establish he was subjected to unwelcome conduct based on his protected status (i.e., sex and/or gender) and the conduct was sufficiently severe or pervasive. *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 608 (1989). FEHA defines harassment as follows: verbal harassment (e.g., epithets, derogatory comments or slurs relating to a basis enumerated in FEHA); physical harassment (e.g., assault, impeding or blocking movement, or any interference with normal work or movement when directed at an individual on a basis enumerated in FEHA); and visual forms of harassment (e.g., derogatory posters, cartoons or drawings pertaining to a basis enumerated in FEHA).

*Fisher,* 214 Cal. App. 3d 590.  Under FEHA, "harassment focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee."  *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009) (internal citations omitted).  Mere rude or inconsiderate behavior is *not* enough to prove a claim of harassment under FEHA.  Put simply, "FEHA is not a 'civility code'. . . . it does not outlaw … conduct that merely offends."  *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 295 (2006).

26.   Further, a "former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions."  *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 347 (1998); *see also Janken v. GM Hughes Electrics*, 46 Cal. App. 4th 55, 64-65 (1996) ("commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment"); *Gathenji v. Autozoners, LLC*, 703 F. Supp. 2d 1017, 1033 (E.D. Cal. 2010) ("criticism about job performance" does not constitute harassment as a matter of law).

27.   In 2022, Cote worked as AFS's District Manager for facilities at the University of Southern California.  This is a key leadership role with responsibilities that include coaching, mentoring, developing and leading employees.

28.   Plaintiff's allegations against Cote are insufficient to establish a viable claim for harassment based on sex and/or gender—the sole cause action Plaintiff has brought against Cote.  The totality of Plaintiff's allegations against Cote are comprised of:

- In or around August 25, 2022, after Plaintiff informed Cote that employees were violating wage and hour laws by not taking code compliant breaks,

Cote did nothing to remedy the issue.  *See*, Comp. ¶12;

- After Plaintiff began to issue warnings to employees who failed to adhere to wage and hour laws, Cote became angry with him.  *See* Compl. ¶13;

- In or around May 24, 2022, Plaintiff complained to Cote about a hostile work environment.  *See*, Compl. ¶14;

- In or around June 17, 2022, after Plaintiff received a complaint from another employee who "walked in on one of her underlings masturbating on-campus," Cote failed to do anything in response.  *See*, Compl. ¶15;

- On or around August 8, 2022, in response to Plaintiff filing a complaint to Cote on behalf of employee, Iris Cornejo, who reported she was being harassed by employee, Laura Navarro, Cote told Plaintiff not to file a report and directed him to fire Iris Cornejo.  *See*, Compl. ¶18; and

- In or around August 29, 2022, Cote issued Plaintiff a warning.  *See* Compl. ¶19.

29.    AFS denies Plaintiff's allegations.  However, even accepting Plaintiff's allegations against Cote as true, none of them suggest in any fashion that Cote engaged in any kind of actionable harassment, let alone harassment based on sex and/or gender.

30.    Moreover, assuming Plaintiff's allegations as true, Cote was performing his job duties in determining how to appropriately address employee complaints, and directing Plaintiff, his subordinate, how to respond accordingly.    Plaintiff's disagreement with Cote's personnel management decisions does not constitute actionable harassing conduct based on sex and/or gender.  Likewise, Cote's decision to terminate Iris Cornejo, and decision to issue Plaintiff a warning fall squarely within his personnel management responsibilities and thus cannot form the basis of a harassment claim.

31.    Furthermore, although there is no "conduct" here to analyze, assuming Plaintiff's allegations amount to "conduct" by Cote based on sex and/or gender, they

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

certainly fail to meet the severity or pervasiveness required to be actionable harassment. *See Fisher v. San Pedro Peninsula Hospital,* 214 Cal. App. 3d 590, 610 (1989) ("[i]n determining what constitutes 'sufficiently pervasive' harassment, the courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature"); *Banawis-Olila v. World Courier Ground, Inc.*, No. 16-CV-0982-PJH, 2016 WL 2957131, at *6-7 (N.D. Cal. May 23, 2016) (finding that the employer's conduct in connection with an investigation of a lost shipment "relate[d] to personnel and managerial decisions, not 'severe or pervasive' gender-based harassment" where the plaintiff claimed that she was "continually questioned" for a month and a half about the missing package and accused of conspiring with the driver to steal it, that she was told that the Department of Homeland Security and FBI were investigating her because of the lost shipment, and that she was threatened with loss of her job or worse); *Gathenji v. Autozoners, LLC*, 703 F. Supp. 2d 1017, 1033-1034 (E.D. Cal. 2010) (in addition to holding that necessary personnel management actions such as "allegations of . . . performance evaluations . . . and criticism about job performance . . . do[] not constitute harassment as a matter of law," the court held that "[t]he conduct [plaintiff] finds harassing—the 'nasty comment,' the condescending tone, and the comments about work performance" was not "sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment and create an abusive working environment"). There is no alleged conduct that is either "severe" or "pervasive" in the Complaint. Moreover, Plaintiff was not subjected to actionable harassment for conduct he did not personally experience, but only heard about secondhand. *See*, *Beyda v. City of Los Angeles* (1998) 65 Cal.App.4th 511, 518; *see also, Fisher*, 214 Cal.App.3d at 611.

32.   As such, Cote did not subject Plaintiff to any allegedly harassing conduct because of Plaintiff's sex or gender, and therefore, Cote's citizenship should be disregarded for purposes of this removal.

### 5.    The Citizenship Of "Doe" Defendants Are Disregarded

33.    Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious names shall be disregarded.    The inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on removability.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded).

34.    Based on the foregoing, the requirements for diversity jurisdiction as set forth in 28 U.S.C. § 1441(b) are met because Plaintiff and AFS are citizens of different states.

### C.    The Amount In Controversy Requirement Is Satisfied

35.    Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ."  28 U.S.C. § 1332. The amount in controversy is determined from the allegations of the Complaint.  *See Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012).    "In assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  *Id.* (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

36.    In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

37.    Although the Complaint does not allege a specific amount in controversy, it can be ascertained that the amount in controversy in this action does, in fact, exceed $75,000, exclusive of interest and costs.  Where a complaint is silent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

as to the amount in controversy, a defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guas v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992). A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The Court may consider whether it is facially apparent from the complaint that the jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

38.    The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, AFS will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also, Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

39.    In *Sasso*, the District Court affirmed that the removing party does not need to prove actual facts, but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. WL 898468 (C.D. Cal. March 3, 2015) (*citing, Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)). Moreover, AFS does not need to submit evidence to support its notice of removal. *Dart Cherokee*, 135 S. Ct. at 553. AFS need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

40.    AFS denies the validity and merit of all of Plaintiff's claims, the legal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, assuming, *arguendo*, the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332, as set forth below. *See* Footnote 2.

### 1.    Special/Economic Damages

41.    Here, Plaintiff seeks to recover "actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits . . ." Compl. ¶¶30, 37, 44, 50, 56, 61 and 69. Plaintiff expressly seeks to recover special damages and loss of earning. *Id.* at Prayer for Relief.

42.    As of Plaintiff's last day of work, Plaintiff earned approximately $9,448.89 gross monthly. Since the last day of Plaintiff's employment with AFS, October 3, 2022, approximately six months have passed. During that time, assuming *arguendo*, that Plaintiff has not worked at all, the amount of recoverable economic back pay in controversy would total at least $56,693.34 ($9,448.89 x 6 months).

43.    Furthermore, estimating that a trial in this matter would not be scheduled for another year, that would add an additional twelve months of recoverable back pay to the amount in controversy. At Plaintiff's monthly pay of $9,448.89, the amount of back pay in controversy in this case between March 30, 2023 and trial one year out would total at least $113,386.68 ($9,448.89 x 12 months).

44.    Therefore, the total amount of back pay in controversy in this case is approximately $170,080.02 ($56,693.34 + $113,386.68).

45.    In addition, to the extent Plaintiff seeks future damages or front pay as a result of the alleged conduct by AFS, such awards in California, depending on the facts of the case, can at times often span several years. *See, Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

retirement age reached); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay damages that are equivalent to his back pay (18 months), the amount of future wages in controversy in this case would total an additional $170,080.02.

46. Thus, it may reasonably be estimated that Plaintiff's claims involve possible back pay and front pay damages that alone total **$340,160.04**. Hence Plaintiff's special damages *alone* could surpass the requisite amount in controversy threshold.

### 2. General Damages

47. Plaintiff also alleges that as a result of AFS's actions he has suffered and continues to suffer emotional distress thereby entitling him to general and compensatory damages. Compl. ¶¶31, 36, 43, 51, 57, 62 and 70. Further, Plaintiff specifically prays for general damages in his Complaint. *Id.,* Prayer for Relief. Plaintiff's claim for general damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998). Courts have even held that such allegations alone are sufficient to satisfy the amount in controversy requirement. *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d. 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement").

48. Indeed, plaintiffs alleging emotional distress as a result of discrimination regularly seek in excess of $75,000 for such damages. *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld

jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age discrimination case); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (jury award in excess of $450,000 in emotional distress damages upheld in a discrimination lawsuit); *Kroske v. U.S. Bank Corp.*, 432 F. 3d. 976, 980 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006) (plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages).

49.     Like the plaintiffs in these lawsuits, Plaintiff in this case is an employee similarly alleging that he was discriminated against based on his protected status and has allegedly suffered emotional distress as a result.  Accordingly, it is not unreasonable to assume, solely for the purposes of establishing the amount in controversy, that Plaintiff seeks and would recover in excess of $75,000 for alleged emotional damages, alone, for the conduct alleged against AFS.  Based on *Kroske*, a conservative emotional distress component of Plaintiff's claims could add at least **$25,000.00** to the amount in controversy.

### 3.    Statutory Damages

50.     Plaintiff seeks ". . . a civil penalty of $10,000 pursuant to Labor Code §98.8(b)(3) . . ." for AFS's alleged violation of Labor Code §98.6.  Compl. ¶79.  Further, Plaintiff prays for statutory penalties in his Complaint.[3]  *Id.,* Prayer for Relief.

51.     As such, by way of Plaintiff's eighth cause of action, he has placed at least an additional **$10,000** in controversy.

### 4.    Punitive Damages

52.     Plaintiff also seeks an award of punitive damages.  Compl. ¶¶32, 63, 64,

---

[3] Plaintiff's Prayer for Relief includes a request for ". . . statutory penalties or damages pursuant to Labor Code §226.3."  Compl. Prayer for Relief.  However, Plaintiff has not asserted a cause of action for a violation of Labor Code §226(a) entitling him to such statutory penalties, and as such AFS will disregard this request for purposes of its amount in controversy analysis.

71, 78, Prayer for Relief. Under California law, punitive damages may be recovered by a plaintiff "[i]n an action for the breach of an obligation not arising from contract where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Punitive damages are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also, Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994). A single-digit ratio (i.e., no more than nine to one) is typically appropriate when issuing an award of punitive damages. *State Farm v. Campbell*, 538 U.S. 408, 425 (2003).

53.    Depending on the facts of the case, California verdicts often include substantial punitive damage awards in employment discrimination actions. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002), ("verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount]").

54.    To establish probable punitive damages, a defendant may introduce evidence of verdicts in cases involving analogous facts. *Simmons*, 209 F. Supp. 2d at 1033 ("the fact that the cited cases involve distinguishable facts is not dispositive"). Statistics from Jury Verdict Research's "Employment Practices Liability: Jury Award Trends and Statistics" (2016) also confirm that the amount in controversy exceeds the jurisdictional minimum. In 2015, the average damages award in discrimination cases was $463,905, in 2014 it was $366,444, and in 2013 it was $311,749. *Id.* In addition, high punitive damages have been awarded in single-plaintiff employment cases in California, including awards of $500,000, $3,577,803, $420,000, $1,231,848, $825,000, $1,237,086, and $16,729,880 (ultimately reduced by the court to $1,200,000). *Id.*

55.     Thus, a punitive damages award against AFS alone could potentially exceed the amount placed in controversy by Plaintiff's allegations.

### 5.     Attorneys' Fees

56.     Plaintiff's Complaint also seeks attorneys' fees.  Compl. ¶¶33, 38, 45, 52, 58, 80, Prayer for Relief.  The attorneys' fee claim is included in determining the amount in controversy when, as in the case at hand, Plaintiff is claiming attorneys' fees pursuant to statute.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis).

57.     To date, Plaintiff has certainly incurred fees and costs in connection with preparing and filing his Complaint.  In fact, at an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorney's fees (250 hours x $300/hr = $75,000).

58.     Plaintiff does not limit the amount of damages he is seeking. Considering the aggregate value of Plaintiff's claims (i.e., alleged back pay, front pay, emotional distress, punitive damages, statutory damages and attorneys' fees), the alleged amount in controversy well exceeds $75,000.

59.     Removal is therefore proper because based on the allegations of the Complaint and the Notice of Removal, it is more likely than not that Plaintiff's claims exceed $75,000. *Sanchez*, 102 F.3d at 403-04; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  Accordingly, the amount in controversy requirement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

DEFENDANT ARAMARK FACILITY
SERVICES, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT

of 28 U.S.C. §1332 has been met, and this action is removable to this Court pursuant to 28 U.S.C. §1441.

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

60. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

61. As required under 28 U.S.C. § 1446(d), AFS will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court.

62. If any question arises as to the propriety of the removal of this action, AFS requests the opportunity to present a brief and oral argument in support of its position that this case is properly removed.

WHEREFORE, Aramark Facility Services, LLC, respectfully requests that this action be removed from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

Dated: March 29, 2023                    MORGAN, LEWIS & BOCKIUS LLP


                                         By /s/ George S. Benjamin
                                         Jason S. Mills
                                         George S. Benjamin
                                         Eva M. Nofri
                                         Attorneys for Defendant
                                         ARAMARK FACILITY
                                         SERVICES, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

19                    DEFENDANT ARAMARK FACILITY
                      SERVICES, LLC'S NOTICE OF REMOVAL
                      TO FEDERAL COURT